Argued and submitted March 21, reversed and remanded for reconsideration
May 11, 1988

# OREGON SCHOOL EMPLOYEES ASSOCIATION, CHAPTER 89,
*Petitioner,*

*v.*

# RAINIER SCHOOL DISTRICT 13,
*Respondent.*

(UP-85-85; CA A43195)

754 P2d 9

Paul B. Meadowbrook, Salem, argued the cause and filed the brief for petitioner.

Jim D. Korshoj, Portland, argued the cause for respondent. With him on the brief were Marianna Kanwit and Bullard, Korshoj, Smith & Jernstedt, P.C., Portland.

Before Richardson, Presiding Judge, and Newman and Deits, Judges.

RICHARDSON, P. J.

## RICHARDSON, P. J.

Petitioner seeks review of ERB's order denying its unfair labor practice complaint against respondent school district. The complaint grew out of the district's discharge of Melvin Gamble, a maintenance worker and a member of the bargaining unit represented by petitioner. The district discharged Gamble because of his egregious record of "habitual tardiness."

Petitioner alleged numerous violations of ORS 243.672 in its complaint to ERB. The only allegation which it continues to assert here is that the firing violated Article VII.D of the collective bargaining agreement. *See* ORS 243.672(1)(g). Article VII.D provides, as material:

> "No employee covered by this agreement shall be disciplined without just cause. Employees being disciplined shall be afforded due process as outlined in Administrative Rule 329e * * *."

Administrative Rule 329e provides:

> *"Employe Infractions.*
>
> "The following procedure shall be applicable to all employes of District No. 13 who are hired by the Board.
>
> "It is the obligation of the supervisor to observe* and document infractions pertaining to the employe's performance *in accordance with his/her job description.*
>
> *"Procedure*
>
> "1. All infractions must be made in writing, dated, and a copy placed in the employe's personnel file. The employe shall receive the original copy, and shall be thereby notified of the matter.
>
> "2. The notification must specifically list the items that are wrong with his/her performance.
>
> "3. Also, the notification should state what measures are being considered if performance does not improve.
>
> "4. The employe must be given an opportunity to a hearing and to refute the charges in writing, including his/her opinion(s) which shall also be placed in the employe's personnel file.
>
> "*This procedure is for guidance of supervisors and in no way limits a supervisor's responsibility to investigate and possibly

reprimand an employe for an infraction that the supervisor did not personally observe." (Emphasis in original.)

Petitioner's sole argument to us is that the district did not comply with Rule 329e and that ERB erred by not so concluding. Specifically, petitioner contends, certain time cards and other documents evidencing particular episodes of Gamble's tardiness were not included in his personnel file or otherwise treated in accordance with the rule. Petitioner argues that each episode was an "infraction," subject to the rule's requirements, and that the district's failure to follow those requirements before it discharged Gamble violated Article VII.D, which incorporates the rule by reference.

The only references to the rule in either the ERB majority or dissenting opinions are the majority's quotation of the rule in its findings and its observation, in discussing an issue unrelated to the alleged contract violation, that it did not decide "whether the contract or Administrative Rule 329e required the district to place the time cards in the personnel file." Both ERB opinions treated the allegation that Gamble's discharge violated the agreement as turning on the meaning of "just cause" under a contractual provision which does not define the term or provide standards for its application. The majority and the dissent disagreed about whether the district had attempted sufficient "progressive discipline" before the discharge to satisfy the "reasonable employer" test. *See Oregon School Employees Association v. Klamath County School District,* 9 PECBR 8832 (1986); *see also Brown v. Oregon College of Education,* 52 Or App 251, 628 P2d 410 (1981). The majority concluded that it had, pointing to the combination of written and oral warnings, personnel file entries and affirmative measures (such as the installation of the time clock) which the district had pursued. The dissenter concluded that, in view of Gamble's horrendous record of tardiness, the district's "anemic" measures before it fired him failed to communicate the gravity of the possible consequences or to constitute adequate progressive discipline.

In sum, ERB based its analysis on the objective "reasonable employer" standard, rather than on Rule 329e or any other contractual requirement, and it did not explain if or why the objective standard, rather than the contract, was applicable. The apparent reason for the disparity between

ERB's approach and petitioner's present argument is that he did not make that argument to ERB or to the hearings officer. Although he maintains that he pointed to the rule as an independent source of rights at two places in a post-hearing brief, we do not read his references to the rule in either context as anything more than asides in arguments which related to other matters.

 If preservation of the Rule 329e argument were necessary, petitioner did not achieve it. However, we conclude that ERB was required to consider the rule without any specific argument about it by petitioner. The rule is specifically mentioned in the just cause provision which was allegedly violated. ERB regarded progressive discipline as the decisive issue. The procedural requirements of Rule 329e are directly relevant to progressive discipline in situations to which it applies. Although we agree with ERB that the objective "reasonable employer" test is an appropriate determinant of just cause and of the adequacy of progressive discipline in cases when a contract is silent, the contract is determinative when it does contain applicable standards and procedures. *See OSEA v. Pendleton School Dist. 16R*, 85 Or App 309, 312, n 4, 736 P2d 204, *rev den* 304 Or 55 (1987).

The parties urge that we decide whether Rule 329e is applicable here and, if so, how it applies and whether its requirements or their functional equivalent were followed. Those are matters for ERB's initial consideration.

Reversed and remanded for reconsideration.